

| ELLEN F. ROSENBLUM<br>Attorney General | | LISA M. UDLAND<br>Deputy Attorney General |
|---|---|---|

## DEPARTMENT OF JUSTICE
APPELLATE DIVISION

April 4, 2024

Molly C. Dwyer
Clerk of the Court
United States Court of Appeals
For the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      RE: *Committee to Recall Dan Holladay v. Wiley*, No. 23-35107
            Oral argument held April 4, 2024 (Owens, Friedland, Rayes, JJ.)

Ms. Dwyer:

    At oral argument, the panel asked whether plaintiffs could sue the Oregon Secretary of State to assert a facial challenge to Or. Rev. Stat. § 249.875, and I responded that they could if they established standing and other justiciability requirements. Under Fed. R. App. P. 28(j), I draw the Court's attention to *Los Angeles County Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992), which states that "a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit" under *Ex Parte Young*. *See also Snoeck v. Brussa*, 153 F.3d 984, 986 (9th Cir. 1998) (same).

    As counsel for plaintiffs correctly noted on rebuttal, plaintiffs could not have sued Secretary of State here, because the Secretary's role in enforcement of § 249.875 in the context of local elections is merely supervisory. A petition for a recall of a city official is filed with and accepted by the city's election official, not the Secretary of State. Or. Rev. Stat. §§ 249.035(3), 249.875(1). Thus, the correct defendant is the city recorder. The city recorder's lack of discretion under the statute is immaterial; the Secretary also has no discretion to depart from the statute as written when the Secretary is the proper defendant. A claim against the Secretary would be permissible to challenge the Secretary's enforcement of § 249.875 in the context of a petition to recall a state official. Or. Rev. Stat. § 249.035(1). But this is not such a case.

Thus, this Court should address the merits of the facial First Amendment claim and affirm the dismissal for failure to state a claim. The Court should affirm dismissal of the state-law claim either based on Eleventh Amendment immunity or because it would be inappropriate to exercise supplemental jurisdiction. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 123–24 (1984); *see also id.* at 123 n 34 (noting that the Eleventh Amendment bars suit against local officials if the relief sought "effectively runs against the State").

Sincerely,

/s/ Benjamin Gutman

Benjamin Gutman
Solicitor General
benjamin.gutman@doj.state.or.us

cc: Jesse A. Buss
William Karl Kabeiseman
Kevin Scott Mapes

BG2:kw5/960775938