JESSE A. BUSS
411 FIFTH STREET
OREGON CITY, OR 97045
WWW.WLGpnw.COM



**WILLAMETTE**

——— LAW GROUP ———

*For People & the Places They Love*

PH 503-656-4884
FAX 503-608-4100
JESSE@WLGpnw.COM

April 5, 2024

Molly C. Dwyer
Clerk of the Court
Ninth Circuit Court of Appeals
PO Box 193939
San Francisco CA 94119-3939

     RE:    *Committee to Recall Dan Holladay v. Wiley*, No. 23-35107
              Oral argument held April 4, 2024 (Owens, Friedland, Rayes, JJ.)

Ms. Dwyer:

     Plaintiffs respond to the State's recent FRAP 28(j) letter.

### Federal law claim

     If there was any remaining doubt after oral argument, the State's letter clarifies that the parties agree "the correct [*Ex Parte Young*] defendant is the city recorder[,]" Dkt. 41 at 1, and "this Court should address the merits of the facial First Amendment claim[.]" *Id.* at 2.

     So, whether the First/Fourteenth Amendment claim is considered under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1979), or, instead, under *Ex Parte Young*, 209 U.S. 123 (1908), the Court should reach the merits of the federal claim either way.

### State law claim

     The analytical framework for the state law claim is completely different. That claim was not brought under 42 U.S.C. § 1983, nor *Monell*, nor *Ex Parte Young*.

     Citing *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89 (1984), the State's letter argues "[t]he Court should affirm dismissal of the state-law claim [] based on Eleventh Amendment immunity[.]" Dkt. 41 at 2. This argument completely ignores the controlling nature of *Kohn v. State Bar of California*, 87 F.4th 1021 (9th Cir. 2023) (en banc), *cert. pending*, No. 23-6922.[1]

---

[1]     It also ignores the long line of Supreme Court precedent, cited at oral argument, definitively holding that the Eleventh Amendment does not protect municipalities.

*Kohn* makes clear that whether an entity is an "arm of the state" for Eleventh Amendment purposes depends on "whether the state 'structured' the entity to enjoy immunity from suit." 87 F.4th 1021, slip op at 17-18. This analysis turns entirely on how *state law* treats the entity. *See generally id.*; *see also id.* at 19-20 (adopting "entity-based approach" to Eleventh Amendment immunity).

Under Oregon state law, as a municipality, Oregon City is not "structured" to enjoy immunity from suit under *Kohn*. Therefore, because the Eleventh Amendment does not apply in the first place, *Pennhurst* does not apply to bar Plaintiffs' state law claim. For that reason, the district court should have exercised supplemental jurisdiction over Plaintiffs' state law claim.

Sincerely,

Jesse A. Buss
Attorney for Plaintiffs-Appellants
jesse@WLGpnw.com

cc:    Benjamin Gutman
       William Kabeiseman
       Kevin Mapes